1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11

INTERNATIONAL CHEMICAL
SUPPLIES, INC., et al.

12

        Plaintiffs,

13

        v.

14

RESTORATION ENERGY, LLC, et al.,

15

        Defendant.

16

)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:14-cv-01645 - --- - JLT

ORDER STRIKING THE RESPONSIVE
PLEADINGS (Docs. 8, 10)

ORDER TO DEFENDANT RESTORATION
ENERGY, LLC TO SHOW CAUSE WHY
DEFAULT SHOULD NOT BE ENTERED

17       On December 22, 2014, Peter F. Schaefer, President of Restoration Energy, LLC, filed a

18  Motion to Dismiss the complaint filed by Plaintiffs International Chemical Supplies, Inc. and

19  Petroverde Caribe S.A.  (Doc. 8.)  In addition, Schaefer filed an answer to the complaint and

20  counterclaim for breach of contract on behalf of Restoration Energy, LLC.  (Doc. 10.)

21       Importantly, Schaefer is unable to represent Restoration Energy, LLC in this action.  Although

22  he reports he is the president of the organization, any entity must appear "only through licensed

23  counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *see also United States v. High*

24  *Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). As a result, Local Rule 183(a) of the Eastern

25  District of California provides that "[a] corporation or other entity may appear only by an attorney."

26  As such, the answer and motion to dismiss must be stricken.

27       Further, to the extent that Schaefer seeks to hold Antonio Jatar Alonso liable for breach of

28  contract, he is unable to state a claim on behalf of the entity.  In federal courts, "parties may plead and

1

1  conduct their own cases personally or by counsel." 28 U.S.C. § 1654.  "It is well established that the

2  privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend

3  to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).  Thus,

4  only two forms of representation are authorized by Section 1654: "that by an attorney admitted to the

5  practice of law by a governmental regulatory body and that by a person representing himself." *See*

6  *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir.2007)).  As such, the counterclaims filed by Schaefer

7  on behalf of Restoration Energy, LLC are improper, and must be stricken.

8      Based upon the foregoing, **IT IS HEREBY ORDERED**:

9      1.    The Motion to Dismiss filed on December 22, 2014 (Doc. 8) is **STRICKEN**;

10     2.    The Answer to the Complaint and Counterclaim filed December 22, 2014 (Doc. 10) is

11           **STRICKEN**; and

12     3.    Defendant Restoration Energy, LLC, **SHALL** show cause within 30 days of the date of

13           service why default should not be entered, or in the alternative, file a notice of

14           appearance by licensed counsel <u>and</u> an appropriate responsive pleading.

15

16  IT IS SO ORDERED.

17     Dated:  __**January 12, 2015**__          _____**/s/ Jennifer L. Thurston**

18                                                UNITED STATES MAGISTRATE JUDGE

2