UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL CHEMICAL SUPPLIES, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>RESTORATION ENERGY, LLC, et al.,<br><br>Defendant. | Case No.: 1:14-cv-01645 - --- - JLT<br><br>ORDER GRANTING RESTORATION ENERGY, LLC AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING<br><br>(Doc. 15) |

On January 12, 2015, the Court struck the answer and counterclaim filed on behalf of Restoration Energy, LLC because the documents were filed by the President of the limited liability corporation, Peter F. Schaefer. (Doc. 11)  In that order, the Court set forth the well-settled legal authority that a corporation may appear only through counsel. Id.  The Court ordered Restoration Energy, LLC to show cause within 30 days why default should not be entered or to file a responsive pleading through counsel. Id.

On February 9, 2015, Mr. Schaefer filed a statement indicating why he believes the lawsuit is improper[1] and explains that he filed the responsive pleadings because obtaining an attorney will cost the corporation money that it "does not have." (Doc. 15)  Apparently now recognizing that the corporation has no option but to appear through counsel, on behalf of the corporation, he requests 30

---

[1] In doing so, he chides the Court for refusing to flout the law and failing to consider the merits of the filings. (Doc. 15 at 1-2)  The Court cannot and will not do that.

1

days more within which to retain counsel.[2]  Id. at 2.   Thus, good cause appearing, the Court will grant Restoration Energy, LLC the requested extension of time.

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. Restoration Energy, LLC is granted until March 20, 2015 to file a responsive pleading. Failure to do so may result in the entry of default;

**No further filings will be accepted on behalf of the corporation except through a duly licensed attorney.**

IT IS SO ORDERED.

Dated:    **February 17, 2015**          **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE

---

[2] Mr. Schaefer claims that if the extension is not granted *he* will be deprived of due process.  Id.  However, Mr. Schaefer is not a party to this litigation and has no process due.  In electing the benefits provided by the formation of a limited liability corporation, he must also accept the detriments; namely, that the corporation may only appear in litigation through counsel.