1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   INTERNATIONAL CHEMICAL              No. 1:14-cv-01645-MCE-JLT
     SUPPLIES (ICS), INC., a Delaware
12   corporation, and PETROVERDE
     CARIBE, S.A., a Panamanian
13   Corporation,                        **MEMORANDUM AND ORDER**

14              Plaintiffs,

15        v.

16   RESTORATION ENERGY, LLC, a
     limited liability company, SOUTHWEST
17   EOR OPERATING, LLC, a Texas
     limited liability company; and DOES 1
18   through 10 inclusive,

19              Defendants.

20

21        Plaintiffs International Chemical Supplies ("ICS") and Petroverde Caribe, S.A.

22   ("Petroverde") (collectively, "Plaintiffs") allege several causes of action against

23   Defendants Restoration Energy ("RELLC") and Southwest EOR Operating ("SWEOR")

24   (collectively, "Defendants") stemming from an alleged breach of contract.  Currently

25   before the Court is Defendants' Motion to Dismiss (ECF No. 27), which seeks dismissal

26   of the action on the grounds of forum non conveniens.  For the reasons set forth below,

27   Defendants' Motion to Dismiss is GRANTED and this action is DISMISSED.[1]

28        _____
              [1] Because oral argument would not have been of material assistance, the Court ordered this

                                              1

## BACKGROUND[2]

Petroverde develops and produces environmentally friendly degreasers.  In January 2014, Petroverde and RELLC reached an oral agreement for the completion and financing of a pre-production facility of a degreaser known as "ICS-0509." Petroverde and RELLC subsequently memorialized their agreement in a Memorandum of Understanding ("MOU").[3]

RELLC partnered with SWEOR to assist in securing the pre-production facility in Bakersfield, California; Petroverde partnered with ICS to manufacture the degreaser and to obtain a license to conduct business in California.[4]  ICS began producing the degreaser at the Bakersfield facility on February 25, 2014.  Between then and March 17, 2014, ICS produced approximately fifty totes of the degreaser on behalf of Petroverde. On March 17, 2014, however, SWEOR, on its own behalf and as authorized by RELLC, forcibly took control and locked Plaintiffs out of the Bakersfield production facility. Defendants have refused to pay for forty-seven totes of finished product that remain at the Bakersfield facility, and they have offered to sell the product to third parties without compensating Plaintiffs.

Plaintiffs seek damages, declaratory relief, and injunctive relief on causes of action for breach of contract, unjust enrichment, conversion, promissory estoppel, and negligent misrepresentation.  Defendants seek dismissal of the action on the grounds of forum non conveniens because the forum selection clause in the MOU requires that "[a]ny dispute arising under [the] Agreement will be resolved exclusively by submission to the courts of the State of New York . . . ."  MOU, ECF No. 28-1, ¶ 54.

///

---

matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

[2] The following statement of facts is based on the allegations in Plaintiffs' Complaint (ECF No. 2).

[3] The MOU is attached as Exhibit A to the Declaration of Peter Schaefer (ECF No. 28).

[4] None of the parties have their principal place of business in California.

## STANDARD

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens."  Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex., ___ U.S. ___, 134 S. Ct. 568, 580 (2013). Generally, when a defendant seeks dismissal of an action on grounds of forum non conveniens, the court must consider both private and public-interest factors.  Id. at 581. However, when the defendant establishes that the parties agreed to a contractually valid forum-selection clause,[5] a court should (1) give no weight to the plaintiff's choice of forum, (2) not consider arguments about the parties' private interests, and (3) "consider arguments about public-interest factors only."  Id. at 581-82.

"Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law."  Id. at 581 n.6 (internal bracketing and quotation marks omitted).  As the party defying the forum-selection clause, the plaintiff bears the burden of establishing that dismissal is unwarranted.   Id. at 581.

## ANALYSIS

### A.  Validity of the MOU

Plaintiffs do not dispute that the MOU contains a forum-selection clause that designates the New York state courts as the exclusive forum.  Plaintiffs, however, contend that the MOU is unenforceable because it is merely "an agreement to agree" and because neither ICS nor SWEOR were parties to the MOU.

///

---

[5] "A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable."  Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009) (per curiam).

1    Although the MOU indicates that the parties contemplated a future finalized

2  agreement, the MOU also provides that it "shall be binding upon and inure to the benefit

3  of the Parties, and to each party's successors, and permitted assigns."  MOU, ECF

4  No. 28-1, ¶ 57 (emphasis added); see also id. at ¶ 58 ("All parties acknowledge that a

5  facsimile copy of this Agreement may be executed and shall have the same binding

6  force and effect").  Additionally, although only the chief executive officers of Petroverde

7  and RELLC signed the MOU, Plaintiff's factual allegations indicate that ICS and SWEOR

8  are sufficiently related to the contractual relationship to justify subjecting those parties to

9  the forum-selection clause.  See Holland Am. Line, Inc. v. Wartsila N.A., Inc., 485 F.3d

10  450, 456 (9th Cir. 2007) ("The forum selection clauses apply equally to BVNA and BV

11  Canada because any transactions between those entities and Holland America took

12  place as part of the larger contractual relationship between Holland America and Bureau

13  Veritas."); Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 514 n.5 (9th Cir. 1988)

14  ("We agree with the district court that the alleged conduct of the non-parties is so closely

15  related to the contractual relationship that the forum selection clause applies to all

16  defendants.").

17    Accordingly, the MOU is enforceable as to both Defendants.

18    **B.  Public-Interest Factors**

19    The public-interest factors weigh in favor of dismissing this action.  As to

20  administrative difficulties flowing from court congestion, judges in the Eastern District of

21  California carry the heaviest caseloads in the nation.  Although the parties have not

22  made any representations about the congestion of the New York state courts, this factor

23  likely favors dismissal.

24    As to the second public-interest factor identified in Atlantic Marine, there is little

25  local interest in this action.  Although the pre-production facility is in the Eastern District

26  of California, all of the parties in this case have their principle place of business in a

27  foreign state or country.  See Compl. at 2.  Nevertheless, because this action would not

28  be any more of a local interest for the New York state courts, this factor is neutral.

4

1    The third public-interest factor identified in Atlantic Marine also favors dismissal of

2  this action.  In addition to the forum-selection clause providing the New York state courts

3  as the mandatory forum, the MOU provides that "[t]his Agreement shall be governed by

4  and construed and interpreted in accordance with the laws of the State of New York."

5  MOU, ECF No. 28-1, ¶ 54.  The New York state courts are indisputably more "at home"

6  with New York state law than this Court.  Accordingly, this factor favors dismissal.

7    Thus, one public-interest factor is neutral and the two other factors favor

8  dismissal.  Because Plaintiffs have not established that the forum-selection clause in the

9  MOU is unenforceable or that dismissal is unwarranted, the Court must dismiss this

10  action.

11

12                              **CONCLUSION**

13

14    Accordingly, Defendants' Motion to Dismiss (ECF No. 27) is GRANTED, and this

15  action is DISMISSED.  The Clerk of the Court is directed to close this action.

16    IT IS SO ORDERED.

17  Dated:  July 28, 2015

18

19

20  _____
    MORRISON C. ENGLAND, JR, CHIEF JUDGE

21  UNITED STATES DISTRICT COURT

22

23

24

25

26

27

28